# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| SHELIA GRANT ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:11-cv-2683-STA-cgc |
| ) | |
| BANK OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

On June 28, 2012, Defendant Bank of America filed its Motion to Enforce Settlement Agreement. (D.E. # 18) The motion was referred by District Judge S. Thomas Anderson to the undersigned magistrate judge. (D.E. # 21) A hearing on the Motion was set for hearing on August 28, 2012 and Plaintiff Sheila Grant was ordered to appear at the hearing. (D.E. # 22) At the request of counsel, the hearing was continued to September 20, 2012. Plaintiff did not appear for the hearing and did not file a response to the Motion. For the following reasons, it is recommended that the Motion be GRANTED.

### I. Proposed Findings of Fact[1]

Plaintiff filed her Complaint on July 11, 2011 in Tennessee state court and the Complaint was removed to this Court on August 10, 2011. (D.E. # 1) On August 17, 2011, Defendant filed its Answer and Counterclaim. (D.E. # 3) The parties began settlement negotiations in February

---

[1] The proposed findings of fact are taken from the recitation of facts contained in the unopposed Motion to Enforce Settlement Agreement (D.E. # 18)

1

2012. By the end of April 2012, the parties had reached an accord on the substantive terms of the agreement to settle all of their respective claims. Between April 25 and June 1, 2012, Travis Sabalewski, counsel for Defendant and Kevin Snider, counsel for Plaintiff, engaged in discussions and correspondence revising and finalizing the settlement documents. During this time, Mr. Snider requested certain revisions at Ms. Grant's request and those revisions were made and are reflected in the final documents. At some point between June 1 and June 25, Ms. Grant ceased communications with Mr. Snider.

II. **Proposed Conclusions of Law**

A district court has the authority "to enforce agreements in settlement of litigation before it even if that agreement has not been reduced to writing." *Bowater N. Am. Corp. v. Murray Mach., Inc.*, 773 F.2d 71, 76-77 (6th Cir.1985). Enforcement of a settlement agreement is appropriate where no substantial dispute exists regarding the entry into and terms of an agreement. See *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir.1973). Defendant moves the Court to enforce the settlement agreement and dismiss the case consistent with the terms of the agreement.

In this case, the undersigned recommends that the Plaintiff not be permitted to avoid an agreement negotiated in good faith by her attorney. Further, her failure to respond or appear in opposition to the Motion are further cause to grant the Motion.

### III. Conclusion

Based on the foregoing, it is recommended that Defendant's Motion to Enforce Settlement Agreement be **GRANTED** and that an Order in a form substantially similar to that which is attached as Exhibit A to this Report and Recommendation be entered.

Signed this 20th day of September, 2012.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**